UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE ETHEREAL ENIGMATIC EUPHORIC MOVEMENT TOWARDS CIVILIZED HEDONISM, LTD., <br><br> Plaintiff, <br><br> v. <br><br> STATE OF IDAHO, <br><br> Defendant. | Case No. 4:11-cv-00097-CWD <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant State of Idaho's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction, and alternatively under Fed. R. Civ. P. 12(b)(6), on the grounds that Plaintiff Ethereal Enigmatic Euphoric Movement towards Civilized Hedonism, LTD has failed to state actionable claims under either 42 U.S.C. § 1983 or Title II of the Civil Rights Act of 1964.

The parties have fully briefed the motion and it is now ripe for the Court's consideration. Having reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest

**MEMORANDUM DECISION AND ORDER - 1**

of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record before this Court without oral argument. Dist. Idaho L. Rule 7.1(d).

For the reasons discussed herein, the Complaint will be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

## BACKGROUND

The Complaint alleges that Plaintiff is an organization comprised of individuals who believe that the "consumption of distilled spirits is both [a] moral obligation and sacred right." (Compl. at ¶ 5, Dkt. 1.) It further alleges that, using Idaho's local-option law, the City of Preston enacted a prohibition on the sale of liquor by the drink, and that this prohibition violates the rights of Plaintiff's members to freely exercise their religion and discriminates against them because of their religious beliefs. (*Id*. at ¶¶ 5-6.) Apparently, Plaintiff holds its services on the premises of the Owl Club, a local beer and wine saloon operating in Preston, which does not sell distilled spirits pursuant to the city's prohibition. (Response to Mot., Dkt. 23-1 at 2.) The Complaint seeks injunctive relief against the State of Idaho under the Free Exercise Clause of the First Amendment and under the Twenty-First Amendment pursuant to 42 U.S.C. § 1983, under Title II, and under state law.

## DISPOSITION

1. **Legal Standards for a Motion to Dismiss**

A federal court may dismiss a complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). In a motion to dismiss under Rule 12(b)(1), "the district

**MEMORANDUM DECISION AND ORDER - 2**

court is not confined by the facts contained in the four corners of the complaint – it may consider facts and need not assume the truthfulness of the complaint." *Americopters LLC v. Fed. Aviation Admin.*, 441 F.3d 726, 732 n.4 (9th Cir. 2006). Further, the plaintiff has the burden of proving jurisdiction exists. *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a plaintiff's claim for relief. The relevant inquiry is whether the plaintiff's allegations are sufficient under Fed. R. Civ. P. 8(a), which sets forth the minimum pleading requirement, *i.e.*, that the plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When reviewing a motion to dismiss, the court must accept as true all non-conclusory, factual (not legal) allegations made in the complaint, *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1950 (2009); *Erickson v. Pardus*, 551 U.S. 89 (2007), and draw all reasonable inferences in favor of the plaintiff, *Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). When considering a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**2.     The Eleventh Amendment Bars Plaintiff's Claims**

Although the Eleventh Amendment does not expressly preclude federal jurisdiction over suits brought against an un-consenting state by its own citizens, the United States Supreme Court held in *Hans v. Louisiana*, 134 U.S. 1 (1890), that the

**MEMORANDUM DECISION AND ORDER - 3**

Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against his own state.  The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought."  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

A state may waive sovereign immunity under the Eleventh Amendment by consenting to suit in federal court.  However, the law requires a clear expression of consent to be sued in federal court or a clear showing that the state intended to waive immunity. *Yakama Indian Nation v. Washington Dept. of Revenue*, 176 F.3d 1241 (9th Cir. 1999) (for a state to waive its Eleventh Amendment immunity, its consent must be unequivocally expressed, meaning that the consent is effective only where stated by the most express language); *Petty v. Tennesee-Missouri Bridge Comm'n.*, 359 U.S. 275, 276, 79 S.Ct. 785, 787 (1959) (the conclusion that there has been a waiver of immunity will not be lightly inferred).

In this matter, the State of Idaho contends that it is immune from suit in federal court and that it has not consented to jurisdiction.  Plaintiff has produced no contrary evidence or law to show that the State of Idaho has waived its Eleventh Amendment immunity in this matter. Rather, Plaintiff contends that the State of Idaho, by collecting liquor license fees, is a vested business partner in establishments that serve alcoholic beverages. Plaintiff therefore argues that the State of Idaho, as a participating partner in such business establishments, discriminates against individuals who wish to consume distilled spirits on such premises.  However, Plaintiff's argument lacks any legal foundation. The State of Idaho has not expressly abrogated its immunity. Nor does the

**MEMORANDUM DECISION AND ORDER - 4**

collection of liquor license fees alter the State of Idaho's status. Accordingly, Defendant State of Idaho is entitled to the relief it seeks, and the Complaint will be dismissed.

Alternative grounds exist for dismissal because Plaintiff, a recognized business entity, cannot be represented by Mr. Mockli, who is not an attorney. The fact that Plaintiff has not appeared with counsel after being given an opportunity to do so constitutes alternative grounds for dismissing the complaint. *See Church of the New Testament v. United States*, 783 F.2d 771, 773-74 (9th Cir. 1986); Dist. Idaho L. Rule 83.4(d).[1]

Although Defendant presented several alternative arguments supporting its motion to dismiss under Fed. R. Civ. P. 12(b)(6), because the Court conclusively finds that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), it does not reach the alternative arguments presented for dismissal under Fed. R. Civ. P. 12(b)(6).

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendant's Motion to Dismiss (Dkt. 16) is **GRANTED**.

Dated: **October 24, 2011**

Honorable Candy W. Dale
United States Magistrate Judge

---

[1] Mr. Mockli requested additional time to locate an attorney willing to represent Plaintiff. (Dkt. 25.) However, even assuming the Court was willing to entertain such a request, it would not alter the Court's analysis that it lacks jurisdiction.

**MEMORANDUM DECISION AND ORDER - 5**